# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANIEL E. RICCHIO,**
        **Plaintiff,**

    v.                                                                        **Case No. 12-CV-00332**

**AMAZON.COM, INC.,**
        **Defendant.**

---

## DECISION AND ORDER

Pro se plaintiff Daniel Ricchio brings this action for copyright infringement against defendant Amazon.com, Inc. Before me now are plaintiff's motion for appointment of counsel and defendant's motion to dismiss.

According to the complaint, in 1999, plaintiff sold defendant 365 copies of his book, "A Complete Guide to Planning, Building, Buying, Maintaining Inground Swimming Pools," so that defendant could sell them on its website, Amazon.com. Plaintiff further alleges that, in 2000, defendant began allowing third parties to use its website to sell copies of plaintiff's book and that plaintiff received no money from these sales. Defendant also allowed digital images of the cover of the book to be posted in connection with these sales. The third-party sales allegedly took place between 2000 and 2006 and from 2010 to the present. In 2005, plaintiff filed a lawsuit asserting some of the same claims that he asserts in the present case. On July 6, 2006, based on a stipulation between the parties, the court entered a judgment dismissing those claims with prejudice.

First, I will deny plaintiff's motion for the appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the

discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Once this threshold requirement has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* Here, plaintiff's efforts to find counsel on his own have been unsuccessful, but the issues in this case also appear to be straightforward and uncomplicated. Therefore, I do not believe the presence of counsel is likely to make a difference in the outcome of this case.

Second, I will grant defendant's motion to dismiss. Defendant moves to dismiss this lawsuit on the grounds that plaintiff's claims are barred by the doctrine of claim preclusion and that plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6).[1] The claims that plaintiff asserted in the 2005 suit are clearly barred by the doctrine of claim preclusion. This is so because the court dismissed those claims with prejudice. *See C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948) (holding that when a court has entered a final judgment dismissing a claim, the parties to the suit are precluded from relitigating it).

---

[1] In response to defendant's motion, plaintiff filed his own "Emergency Motion to Dismiss," in which he claims that Amazon.com ordered the murder of one of plaintiff's customers and that the lawsuit must be dismissed to prevent more deaths. However, since this motion also asks the court "to stop Amazon.com from posting a digital image of the book's cover, and stop Amazon.com from collecting money from the Plaintiff's book," it does not appear to be a genuine motion to dismiss. Instead, I construe it as a brief in opposition to defendant's motion and a request for expedited relief.

2

Case 2:12-cv-00332-LA    Filed 10/12/12    Page 2 of 4    Document 19

Plaintiff's complaint also makes claims regarding conduct allegedly occurring after 2006. Defendant argues that these claims fail under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state a plausible claim for relief that permits "the reasonable inference that defendant is liable for the injury alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing defendant's motion, I take all of plaintiff's allegations as true and, because plaintiff is proceeding pro se, I give the complaint a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

I find plaintiff has failed to state a claim for copyright infringement. He alleges defendant is again allowing third-parties to sell copies of his book without plaintiff's authorization, but he does not claim that any of the books being sold on defendant's website are counterfeit copies. Plaintiff claims only that defendant is allowing third parties to re-sell copies of his book without compensating him. However, under the "first sale" doctrine, plaintiff is not entitled to profit from the resale of his book. *See* 17 U.S.C. § 109(a). "An author has the exclusive right to control *copying*, but once a given copy has been sold its owner may do with it as he pleases . . . ." *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th cir. 2007). "Authors capitalize on the durability of the printed word not by charging for each extra person's use but by setting a price for new copies that reflects the work's value to multiple readers." *Id.*

**THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel [DOCKET #7] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [DOCKET #9] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 12th day of October 2012.

                                        s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge

4

Case 2:12-cv-00332-LA   Filed 10/12/12   Page 4 of 4   Document 19